IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY K. HARRINGTON                                                    PLAINTIFF

v.                              CIVIL NO. 18-03110

ANDREW SAUL[1], Commissioner                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Tammy K. Harrington, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") finding she is no longer entitled to a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff filed her applications for DIB and SSI on August 24, 2012. (Tr. 191). In a determination dated October 1, 2012, Plaintiff was found to be disabled beginning on July 9, 2012, under listing 8.08 after suffering third degree burns in a house fire. (Tr. 10, 12, 17, 83). On August 24, 2016, it was determined Plaintiff was no longer disabled as of August 1, 2016. (Tr. 10, 84). An administrative hearing was held on November 14, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 55-81). Plaintiff's daughter and a vocational expert (VE) also testified. Id.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated April 25, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: coronary artery disease status post stenting; chronic obstructive pulmonary disease (COPD); status post third degree burns with neuropathy; chronic pain syndrome; and sleep apnea. (Tr. 7, 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 12-15). The ALJ found medical improvement occurred on August 1, 2016, and that the improvement was related to Plaintiff's ability to work as she no longer met or medically equaled the same listing that was equaled at the time of the Comparison Point Decision (CPD). (Tr. 15-16). The ALJ found that since August 1, 2016, Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must avoid concentrated exposure to dust and fumes. (Tr. 16-22).

Based on the testimony of the vocational expert and the work history report, the ALJ found that since August 1, 2016, Plaintiff would be able to perform her past relevant work in the composite job of cashier, grill cook, and fry cook. (Tr. 22). The ALJ found Plaintiff's disability ended on August 1, 2016, and she had not become disabled again since that date. (Tr. 22).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The initial, crucial question in a case such as this is whether the claimant's condition has improved since the prior award of disability benefits. Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991). "The claimant in a disability benefits case has a 'continuing burden' to demonstrate that [he] is disabled, … and no inference is to be drawn from the fact that the individual has previously been granted benefits." Id. (internal citation omitted); 42 U.S.C. §423(F). If a claimant meets this initial burden, the responsibility then shifts to the Commissioner to demonstrate that the claimant is not disabled. Id. (citing Lewis v. Heckler, 808 F.2d 1293, 1297 (8th Cir. 1987)). "If the government wishes to cut off benefits due to an improvement in the claimants medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorated, and that the improvements in the physical condition are related to claimant's ability to work." Nelson, 946 F.2d at 1315; 20 C.F.R. §404.1594(b)(2)-(5).[2]

---

[2] Pursuant to the regulations, the Commissioner is required to follow specific steps in determining wheter disability continues. The steps are: (1) Is the individual engaging in substantial gainful activity (SGA)? (2) Does the individual have an impairment which meets or equals the severity of an impairment listed in Appendix 1 (3) Has there been medical improvement? (4) If there has been medical improvement, is it related to the ability to work? (5) Do any exceptions to the medical improvement standard apply if there has not been a medical

3

According to regulations promulgated by the Commissioner, "medical improvement" is defined as any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled. 20 C.F.R. §416.994(b)(1); Nelson, 946 F.2d at 1315-1316. A determination that there has been a decrease in medical severity must be based on changes in symptoms, signs, and/or laboratory findings associated with the impairment. Id. Medical improvement is related to the ability to do work if there has been a decrease in the severity of the impairment and an increase in the individual's ability to do basic work activities. Id. at § 416.994(b)(3).

Plaintiff raises a single issue in this matter, whether the ALJ's determination that medical improvement occurred which allowed for an RFC of light work was supported by substantial evidence. (Doc. 13). More specifically plaintiff argues that the RFC determination was based largely upon the opinions of non-examining physicians, who did not have access to and did not consider later medical records including the diagnosis of coronary artery disease post myocardial infarction and stenting or the treatment notes of Dr. Malte and Dr. Chatman. Id. Plaintiff also argues that finding she was able to perform light work was inconsistent with her limitations in walking and the use of her hands. Id. The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is

---

improvement or if the improvement is not related to the ability to work? (6) Does the individual have a severe impairment or combination of impairments? (7) Can the individual do past relevant work? (8) Can the individual do any other work? 20 C.F.R. §404.1594(f)

dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**IT IS SO ORDERED** this 24th day of January 2020.

> /s/ *Erin L. Wiedemann*
> HON. ERIN L. WIEDEMANN
> UNITED STATES MAGISTRATE JUDGE